FRANCIS T. SCHMITZ and KATHLEEN A. SCHMITZ, Petititioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schmitz v. Commissioner
Docket No. 2963-76.
United States Tax Court
T.C. Memo 1978-292; 1978 Tax Ct. Memo LEXIS 216; 37 T.C.M. (CCH) 1229; T.C.M. (RIA) 78292; July 31, 1978, Filed Gregory Gramling, Jr., for the petitioners. Nelson E. Shafer, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for the taxable year 1972 in the *217 amount of $ 746.16. The sole issue presented for our decision is whether Francis T. Schmitz (hereinafter referred to as petitioner) is entitled to claim dependency exemptions under section 151(e) [1] for his three minor children for the taxable year 1972. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, Francis T. and Kathleen A. Schmitz, husband and wife, resided in Milwaukee, Wis., at the time of filing their petition herein. Petitioner and his former wife, the present Patricia Treutelaar (Patricia), were divorced on March 10, 1971. The divorce decree awarded custody of their three minor sons, Kenneth, Daniel, and Michael, to Patricia and ordered petitioner to pay Patricia $ 300 per month in child support. The decree [2] also gave Patricia the right to live in the family's home which petitioner and Patricia had purchased as joint tenants in 1969. Throughout the year in issue, petitioner and Patricia continued to hold the property as co-owners. [3] No provision was contained in the decree allocating the dependency *218 exemptions for the children, nor did petitioner and Patricia execute a written agreement providing that petitioner could claim the exemptions in 1972. Patricia lived with the three children in the family home during all *219 of 1972. For the year 1972 petitioner and his former wife expended the following amounts for the support of the children, excluding lodging: [4]
Kenneth
Daniel
Michael
Support provided by
$ 1,570.13
$ 1,565.13
$ 1,556.13
petitioner
Support provided by
1,525.71
1,264.18
1,366.00
Patricia
*220 The fair rental value of lodging furnished to each child during 1972 was $ 750. On his 1972 tax return petitioner claimed dependency exemptions for the three children. In his statutory notice respondent disallowed all three exemptions because petitioner had not shown he provided more than half of the total cost of the claimed dependents' support. OPINION The sole issue in this case is whether petitioner may claim his three minor sons as dependents for 1972. Section 152(a) defines a "dependent" to include a child over half of whose support for the calendar year was received from the taxpayer. In determining whether this support test has been met, section 152(e) provides, in the absence of an agreement to the contrary, if a child receives over half of his support during the calendar year from his divorced parents, the custodial parent is treated as providing over half of such support. However, where the noncustodial parent provides $ 1,200 or more for the support of such child (or if there *221 is more than one child, $ 1,200 or more for all such children for the calendar year), he is treated as having provided over half the support for such child unless the custodial parent clearly establishes that she provided more for the support of such child during the calendar year. Because petitioner contributed an amount in excess of $ 1,200 for the support of his three sons, he is entitled to claim them as dependents unless the facts show that Patricia provided more support than petitioner. Whether Patricia provided more support than petitioner depends on which parent is entitled to treat the $ 750 of lodging furnished to each child as an item of support. [5]
Respondent contends Patricia had exclusive use and possession of the home pursuant to the divorce decree and, therefore, should be deemed to have furnished the lodging for the children who shared the house with her. [6] Petitioner, on the other hand, argues that through *222 the divorce decree legal title to the home was vested in himself, leaving his former wife no interest in the property upon which to base her claim of having furnished the children's lodging. For the reasons set forth below, we believe petitioners should prevail. In , pursuant to a decree of divorce, the wife was given custody of the children. After the divorce, the wife and children continued to live in the family home which the former husband and wife still owned as joint tenants. In deciding which parent had provided more than half of the children's support for the year in question, with respect to the lodging issue, the Court held: Since the house was owned by Walter and Ruth as joint tenants, each is considered to have furnished one-half of the fair rental value of the lodgings therein of the children * * *. [] Accord, . Since Patricia did not have the exclusive right *223 to possession and because petitioner and Patricia were co-owners of the house in 1972, we conclude each parent is entitled to claim half the fair rental value of the lodging furnished as an item of their children's support. Thus, petitioner is deemed to have contributed $ 1,945.13, $ 1,940.13 and $ 1,931.13 for the support of Kenneth, Daniel, and Michael, respectively, during 1972. [7] Patricia is deemed to have contributed $ 1,900.71, $ 1,639.18, and $ 1,741.00 for the support of Kenneth, Daniel, and Michael, respectively, during 1972. Accordingly, since petitioner provided more than half of each child's support he is entitled to claim three dependency exemptions for 1972. Decision will be entered for the petitioners. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and in force during the year in issue.↩
2. Specifically, the decree provided: IT IS FURTHER ADJUDGED: That the plaintiff [Patricia] shall have the right to live in the home of the parties and that the defendant [petitioner] will continue to make all payments on the home of the parties for interest, taxes (general and special), and shall pay for repairs and upkeep of the home, and that the plaintiff's right to live in said home shall continue unless: a. the remarriage of the plaintiff; b. the children are no longer dependent, or are away from home, or shall have attained 21 years of age; c. the plaintiff no longer lives in said home, and in the event the home is sold, all proceeds of the home shall go to the defendant free and clear of any claims of the plaintiff. In the event of death of the plaintiff, all right, title, and interest the plaintiff may have in and to said home shall terminate upon her death. ↩
3. In 1975, Patricia quitclaimed her interest in the property to petitioner.↩
4. These amounts were computed as follows (see repondent's original brief at pages 12 and 13): Support Provided by Petitioner in 1972
Kenneth
Daniel
Michael
Court ordered child support
$ 1,200.00
$ 1,200.00
$ 1,200.00
Visits
137.50
137.50
137.50
Presents
87.50
87.50
87.50
Medical expenses
145.13
140.13
131.13
Life insurance
excluded
excluded
excluded
Totals provided by
$ 1,570.13
$ 1,565.13
$ 1,556.13
petitioner
Food
$ 738.26
$ 735.87
$ 735.87
Clothes
253.85
142.04
243.68
Household
823.51
823.55
823.65
Auto
230.82
231.34
231.34
Presents
143.52
143.53
143.56
Extras
535.75
387.85
387.90
Total expenditures made
$ 2,725.71
$ 2,464.18
$ 2,566.00
by Patricia
These totals include the $ 1,200 petitioner paid to Patricia for each child's support. Thus, the $ 1,200 was subtracted in determining the support Patricia actually provided.
*↩
Less court ordered
1,200.00
1,200.00
1,200.00
support by petitioner
Totals provided by
$ 1,525.71
$ 1,264.18
$ 1,366.00
Patricia
5. It is well established that the fair rental value of lodging furnished is includible as an item of support. ; .↩
6. Respondent's contention is not well taken. Nowhere in the decree is Patricia given the exclusive↩ use and possession of the home.
7. In calculating the amount petitioner expended, we excluded the premium paid by petitioner on a life insurance policy on his life in which the children were beneficiaries. .↩